UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| GOLDY THOMPSON, | : | Case No. 2:25-cv-660 |
| Plaintiff, | : | |
| vs. | : | Chief District Judge Sarah D. Morrison |
| | : | Magistrate Judge Kimberly A. Jolson |
| CHAMBERS-SMITH, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss (Doc. 10). The Undersigned **RECOMMENDS** that the Motion be **GRANTED** and this action be **DISMISSED**.

### I. BACKGROUND

Plaintiff Goldy Thompson is an inmate in the custody of the Ohio Department of Rehabilitation and Correction (ODRC) who is proceeding *in forma pauperis* and without the assistance of counsel in this civil rights action. In 2025, he filed two lawsuits in this Court which are related but proceeding separately. (*See* Case Nos. 2:25-cv-143; 2:25-cv-660). In the first, *Thompson v. Ohio Department of Rehabilitation and Correction, et. al.*, Plaintiff brought claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights regarding the handling of his legal mail and retaliation by prison staff while he was incarcerated at the Chillicothe Correctional Institution ("CCI"). In an April 29, 2025, Order and Report and Recommendation screening that Complaint, the Undersigned recommended the retaliation claims be severed and dismissed without prejudice as improperly joined, because none of the alleged incidents of retaliation appeared related to the handling of Plaintiff's legal mail. (*See* 2:25-cv-143, Doc. 8 at

11-13).  No objections were filed, and the Chief District Judge adopted the recommendation on July 2, 2025.  (*See* 2:25-cv-143, Doc. 21).

The second case, now before the Court on Defendants' Motion to Dismiss (Doc. 10), was filed on June 12, 2025, and asserts the previously severed retaliation claims.  (*See generally* Complaint, Doc. 5).  After conducting an initial screen under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Undersigned recommended that several claims and defendants be dismissed.  (Doc. 6 at 12).  Plaintiff did not file objections, and on October 20, 2025, the Chief District Judge adopted the Report and Recommendation.  (Doc. 14).

But the Undersigned allowed Plaintiff to proceed with First Amendment retaliation claims against Defendants Strausbaugh and Napier.  (Doc. 6 at 13).  Plaintiff alleges these Defendants retaliated against him by "writing tickets" and placing him in segregation in response to his filing several ICR's and grievances against prison staff.  (Doc. 5 at ¶¶ 1, 16, 25, 29).  Regarding Strausbaugh, Plaintiff alleges that on November 19, 2024, he issued Plaintiff a conduct report for possessing contraband that was retaliation for Plaintiff filing a ICR and grievance against another corrections officer, CO Patrick, regarding Patrick's disrespectful conduct.  (*Id*. at ¶ 16).  And Plaintiff claims Defendant Napier retaliated against him by issuing a conduct report that resulted in his placement in segregation from December 20, 2024, until January 3, 2025.  (*Id*. at ¶¶ 25–34).

On August 19, 2025, Defendants Strausbaugh and Napier filed the instant motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief.  (Doc. 10).  Plaintiff did not file a response in opposition but filed a notice of change of address.  (Docs. 11, 12).  Out of an abundance of caution, the Court ordered Defendants to serve a copy of the motion to dismiss on Plaintiff at his new address at Marion Correctional.  (Doc. 13).

Defendants complied, (Doc. 15), and Plaintiff still did not file a response to the motion to dismiss. The matter is ready for review.

II.     **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires that a complaint "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the complaint, a court must construe it in favor of the plaintiff and accept all well-pleaded factual allegations as true. *Twombly*, 550 U.S. at 556-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555; *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (noting that a plaintiff must give specific, well-pleaded facts, not just conclusory allegations). In other words, while "detailed factual allegations" are not required under Federal Rule of Civil Procedure 8(a)(2)'s "short and plain statement" rule, the law "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677–78 (quoting *Twombly*, 550 U.S. at 555) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Further, although *pro se* complaints are construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Said differently, "[t]he requirement for liberal construction . . . does not translate to ignoring a clear failure in the pleading to allege facts which set forth a cognizable claim." *Kidd v. Neff*, No. 1:12-cv-40, 2012 WL 4442526, at *2 (E.D. Tenn. Sept. 25, 2012) (dismissing a *pro se*

3

plaintiff's "incredibly vague" complaint); *see also Smith v. Breen*, No. 09-2770, 2010 WL 2557447, at *6 (W.D. Tenn. June 21, 2010) (collecting cases). The complaint must still "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### III. DISCUSSION

Defendants Strausbaugh and Napier argue Plaintiff's retaliation claim is insufficiently pled and cannot survive a motion to dismiss. (Doc. 10). First, they assert Plaintiff cannot show an adverse action was taken against him because "any alleged harm was *de minimis* at best." (*Id*. at 8). They also argue Plaintiff fails to plausibly allege a causal connection between his filing of grievances and the alleged retaliatory actions. (*Id*. (arguing Plaintiff "fails to connect his allegations against Napier or Strausbaugh to the exercise of a protected right")).

A prisoner's claim of retaliation for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999). Retaliation claims require a plaintiff to show that: (1) he engaged in protected conduct; (2) the defendant took an adverse action against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two; in other words, that the adverse action was motivated at least in part by the plaintiff's protected conduct. *Id*. at 394.

Here, Plaintiff sufficiently alleges element one. *See Hardrick v. Huss*, 155 F.4th 518, 525 (6th Cir. 2025) ("It is well-settled that 'an inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf.'") (per curiam) (quoting *Maben*, 887 F.3d at 264); *Maben*, 887 F.3d at 265 ("An inmate has a right to file 'non-frivolous' grievances against prison officials on his own behalf, whether written or oral."). And protected conduct under the

4

First Amendment is not limited to formal grievances or petitions; submitting non-frivolous, informal complaints can qualify as protected First Amendment conduct. *Maben*, 887 F.3d at 264.

At this stage of the proceedings, the Court also finds that Plaintiff satisfies element two because "'only *de minimis* violations should be dismissed as a matter of law; in general, the adverseness question should survive the pleading stage.'" *Maben*, 887 F.3d at 266 (quoting *Kennedy v. Bonevelle*, 413 F. App'x 836, 840 (6th Cir. 2011)). And, "[w]hen deciding whether the issuance of a misconduct ticket rises to the level of an adverse action, [courts] look to both the punishment [plaintiff] could have faced and the punishment he ultimately did face." *Id*. (citing *Scott v. Churchill*, 377 F.3d 565, 572 (6th Cir. 2004) ("[T]he mere potential threat of disciplinary sanctions is sufficiently adverse action to support a claim of retaliation.")). *See also Hill v. Lapin*, 630 F.3d 468 (6th Cir. 2010) (alleging transfer to administrative segregation is sufficiently adverse under the failure-to-state-a-claim standard).

As to the third element, it is Plaintiff who bears the initial burden of establishing that Defendants acted with a retaliatory motive. Plaintiff's subjective belief that he has been retaliated against is not enough, *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997), because it is the "subjective motivation of the defendants" that is at issue. *Maben*, 887 F.3d at 266. A plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Heyward v. Cooper*, 88 F.4th 648, 657–58 (6th Cir. 2023). Conclusory allegations and merely asserting the ultimate fact of retaliation is insufficient to state a claim for relief. *Id*. *See also Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005). In other words, a plaintiff must show a "causal connection" between the protected conduct and the adverse action. *Thaddeus-X*, 175 F.3d at 394. Close temporal proximity between the protected activity and an adverse action may be sufficient to create an inference that the

5

defendant's motive in taking the adverse action was retaliatory. *Maben*, 887 F.2d at 268. But "an inmate cannot immunize himself from adverse administrative action by prison officials merely by filing a grievance or a lawsuit and then claiming that everything that happens to him is retaliatory." *Id.* at 264.

As applied here, Plaintiff's retaliation claim fails on the third element. The Court will start with Defendant Strausbaugh. Plaintiff alleges that Strausbaugh, a CO at CCI, filed a conduct report against him for possession of contraband as retaliation for Plaintiff filing a grievance against another CO. (Doc. 5 at ¶ 16). As background, Plaintiff states that on November 12, 2024, he filed an informal complaint (ICR) against CO Patrick for unprofessional conduct. (*Id*. at ¶ 11). On that day, Patrick woke Plaintiff at 3:30 a.m., and when Plaintiff told him he was no longer on the kitchen wake-up list, Patrick stated, "[Y]ou is on the mufuckin list, get you ass up." (*Id*. at ¶ 11). The ICR was closed on November 16, 2024, with a notation that the issue would be addressed with CO Patrick who would be counseled regarding proper behavior. (*Id*. at ¶ 12). On November 18, 2024, Plaintiff escalated the ICR because he felt Patrick should receive more than a verbal reprimand. (*Id*. at ¶ 13). On November 19, 2024, Inspector Free changed the disposition of the Patrick grievance to "granted – problem corrected." (*Id*. at ¶ 15).

Plaintiff alleges that on this same day and as he returned from commissary, Defendant Strausbaugh asked him what he had in his shirt and then searched him. (*Id*. at ¶ 16). During this interaction, Strausbaugh stated "[t]his is not a retaliation." (*Id*.) Plaintiff notes that on at least thirty prior occasions, Strausbaugh "confiscated the same contraband" from other inmates but "showed favoritism by not writing conduct reports." (*Id*.) It appears from the Complaint that Strausbaugh issued Plaintiff a conduct report, Plaintiff then filed a grievance against Strausbaugh, and after a hearing on the conduct report, Plaintiff was found not guilty. (*Id*. at ¶ 20).

6

Plaintiff alleges that he "feel[s]" Strausbaugh's conduct in searching him for contraband and issuing him a conduct report "was retaliation from a complaint on his fellow officer CO Patrick . . . ." (*Id*. at ¶ 16). But Plaintiff does not allege that Strausbaugh even knew he filed an ICR and grievance against CO Patrick. Plaintiff's "feeling" that Strausbaugh was motivated by his protected conduct is entirely conclusory and unsupported by any material facts. *See, e.g.*, *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) (noting that "bare allegations of malice on the defendants' parts are not enough to establish retaliation claim"); *Pasha v. Payton*, No. CV 18-595, 2019 WL 440573, at *9 (E.D. Ky. Feb. 4, 2019) (attaching the word "retaliation" to action by prison officials with which prisoner disagreed insufficient to state a claim). Because Plaintiff fails to state a plausible claim for retaliation against Defendant Strausbaugh, the Undersigned recommends that he be **DISMISSED** from this action.

Defendant Napier is a unit manager. Plaintiff alleges that on December 18, 2024, he attempted to speak with Napier about grievance paperwork he requested from Inspector Free. (Doc. 5 at ¶¶ 25–35). Plaintiff alleges that Napier asked him, "What can I do for you BUB?" (*Id*. at ¶ 25). Plaintiff informed Napier that "BUB" is a racially derogatory term. (*Id*.) Napier denied using the term and issued Plaintiff a conduct report for disrespect and giving false information about the paperwork. (*Id*. at ¶¶ 25–26). Shortly after Napier issued Plaintiff a conduct report, Plaintiff filed a grievance against Napier for his alleged use of the derogatory term. (*Id*.)

As a result of the conduct report filed by Napier, Plaintiff was placed in segregation from December 20, 2024, until January 3, 2025. (*Id*. at ¶¶ 27, 33). Plaintiff states that after further review, the conduct report was removed from his record because Inspector Free agreed that Plaintiff did not lie about being asked to report to the unit staff office to get paperwork pertaining to his grievances. (*Id*. at ¶ 34).

7

At this stage of the proceedings, Plaintiff is not required to "connect all the dots between his protected conduct and the adverse actions Defendant [] took against him." *Glaze v. Morgan*, Case No. 2:22-cv-2855, 2025 WL 2701324, *7 (S.D. Oh. Sept. 23, 2025) (Sargus, DJ). But he must still "provide enough facts to show that 'the adverse action was motivated at least in part by his protected conduct.'" *Hardrick*, 155 F.4th at 527 (quoting *Heyward v. Cooper*, 88 F.4th 648, 657 (6th Cir. 2023)). Plaintiff asserts he has proof Napier and others "retaliated against" him "to cover a lie and disrespect conduct report," but he has not plead any facts supporting this conclusory statement. There is simply nothing in the Complaint from which the Court could plausibly infer the causation element of his retaliation claim against Defendant Napier. Plaintiff fails to plausibly allege causation and therefore, fails to state a claim for relief.

One final note. Although Plaintiff references the handling of his legal mail and the various ICR's and grievances he filed in connection with that issue, there is nothing in this Complaint to suggest that Strausbaugh or Napier had any role in the handling of his legal mail or had any knowledge of those issues to support a claim for retaliation herein.

### IV. CONCLUSION

Because the Complaint fails to state a First Amendment claim for retaliation against Defendants Strausbaugh and Napier, the Undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (Doc. 10) be **GRANTED**. This action should be **DISMISSED** in its entirety.

**IT IS SO RECOMMENDED.**

Date:  January 22, 2026                                  /s/ Kimberly A. Jolson
                                                          KIMBERLY A. JOLSON
                                                          UNITED STATES MAGISTRATE JUDGE

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).