UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GOLDY THOMPSON,

             **Plaintiff,**          :

         **v.**                    **Case No. 2:25-cv-660**
                                  **Chief Judge Sarah D. Morrison**
ANNETTE CHAMBERS-               **Magistrate Judge Kim A. Jolson**
SMITH, *et al.*,             :

             **Defendants.**

## ORDER

Goldy Thompson is an Ohio inmate proceeding without assistance of counsel. After an initial screen of Mr. Thompson's Complaint, it was ordered that he may proceed with his First Amendment retaliation claims against Defendants Michael Strausbaugh and Thomas Napier and his remaining claims were dismissed. (ECF Nos. 6 and 14.)

Strausbaugh and Napier then filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 10.) Mr. Thompson did not respond to the Motion. The Magistrate Judge reviewed the Motion and issued a Report and Recommendation recommending that it be granted and that the action be dismissed in its entirety. (R&R, ECF No. 17.) Mr. Thompson objected to the R&R (Objs., ECF No. 20), and Defendants replied in support of adopting the R&R (ECF No. 21).

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Magistrate Judge concluded that Mr. Thompson failed to sufficiently allege the third element of his First Amendment retaliation claims, i.e., the allegations did not establish a causal connection between his alleged protected conduct and the adverse actions taken against him by Defendants. (R&R, PAGEID# 166.) Instead, Mr. Thompson alleged only that "he feel[s]" that Strausbaugh retaliated "from a complaint on his fellow officer" – without any allegation that Strausbaugh even knew of Mr. Thompson's protected conduct. (*See* Compl., ECF No. 5, ¶¶ 11-20.) As to Napier, Mr. Thompson did not allege any facts supporting his statement that Napier retaliated against him. (*Id.*, ¶¶ 25-35.)

In his objections, Mr. Thompson argues that he alleged specific dates and details regarding his protected conduct and the adverse actions taken against him; Mr. Thompson adds that he has raised a reasonable expectation that discovery would reveal evidence in support of his claims. (Objs., PAGEID# 174–75.) But Mr. Thompson provides no basis for this Court to conclude that he plausibly pleaded the causation element of his First Amendment retaliation claims or that he is entitled to discovery so that he can.

On *de novo* review of the record and filings, the Court finds no error in the Magistrate Judge's reasoning or conclusions. A complaint must include factual allegations that are both well-pleaded and plausible. Factual allegations are well-pleaded if they are specific and support the plaintiff's claims. *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) ("[C]onclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under section 1983.").

As to the plausibility requirement, "the sufficiency of a complaint turns on its factual content, requiring the plaintiff to plead enough factual matter to raise a plausible inference of wrongdoing." *16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (citation modified). Whether an inference is plausible "depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Id*. A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citation modified).

Even holding Mr. Thompson's *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers, as this Court is required to do, he has failed to sufficiently allege the third element of his First Amendment retaliation claims. He has provided no facts or evidence to support even an inference that the adverse actions taken against him were motivated by his protected conduct.

3

Discovery will not cure this defect; he must allege a plausible claim before he is entitled to discovery.

Mr. Thompson's Objections (ECF No. 20) are **OVERRULED,** and the Report and Recommendation (ECF No. 17) is **ADOPTED** and **AFFIRMED**. Defendants' Motion to Dismiss (ECF No. 10) is **GRANTED** and Mr. Thompson's claims are **DISMISSED**.

The Clerk is **DIRECTED** to **TERMINATE** this case.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**